**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _

DOUGLAS BROWN

        Plaintiff,

v.

FEDERAL INSURANCE COMPANY and GALLAGHER BASSETT SERVICES, INC.

        Defendants.

---

**DEFENDANTS' NOTICE OF REMOVAL**

---

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendants Federal Insurance Company ("Federal Insurance") and Gallagher Bassett Services, Inc. ("Gallagher Bassett") (collectively "the Defendants") hereby remove this action from the District Court for Boulder County, Colorado to the United States District Court for the District of Colorado.

### I.   STATE COURT ACTION

On January 23, 2018, Plaintiff Douglas Brown filed his Amended Complaint and Jury Demand (the "Complaint") in the District Court for Boulder County, Colorado, styled *Douglas Brown v. Federal Insurance Company and Gallagher Basset Services, Inc.,* Case No. 2017CV031033 (the "State Court Action"). In the Complaint, Plaintiff asserts claims against Defendants regarding the handling of his worker's compensation claim. Plaintiff asserts claims for (1) breach of the duty of good faith and fair dealing, (2) aiding and abetting, and (3) civil conspiracy. Plaintiff asks for compensatory damages, accelerated future benefits, expert witness fees, and pre- and post-judgment interest. Plaintiff also claims he intends to add a claim for exemplary damages.

Plaintiff served Gallagher Bassett with the Amended Complaint on January 24, 2018, at Gallagher Bassett's Registered Agent in Denver, Colorado, and served Federal Insurance Company on January 24, 2018. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *See also Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264 (10th Cir. 2016).

## II.   PROCEDURAL REQUIREMENTS

With this Notice of Removal, Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction. A defendant may remove a case to federal court if the plaintiff could have originally filed suit in federal court. 28 U.S.C. § 1441. As further demonstrated below, Plaintiff could have brought suit in federal court because venue is proper and the Court has diversity jurisdiction over the matter.

Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1441(a) because it is the United States District Court for the district and division encompassing the place where the state court action is pending. *See* 28 U.S.C. § 85.

Pursuant to D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the current State Court docket sheet, along with the filings that have been submitted in the State Court Action thus far.

Defendants are also filing a copy of the Notice of Removal in the District Court for Boulder County, Colorado, pursuant to 28 U.S.C. § 1446(d).

## III.   DIVERSITY JURISDICTION

Removal of this Action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a), based on the Parties' diversity of citizenship and the amount in controversy, exclusive of interest and costs.

Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendants. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996).

Because Plaintiff is a natural person, his citizenship for diversity purposes is determined by where he is domiciled – that is, where he is physically present and intends to remain. *Keys Youth Servs., Inc. v. Olathe,* 248 F.3d 1267, 1271 (10th Cir. 2001). In the Complaint, Plaintiff admits he is a resident of the State of Colorado.

Because Defendants are corporations, their citizenship for diversity purposes is determined where they have been incorporated or where they have a principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant Gallagher Bassett was incorporated in Delaware, and its principal place of business is located in Illinois. Defendant Federal Insurance Company is a citizen of the State of Indiana because it was incorporated in that state and its principal office is located there as well. Thus, there is complete diversity among the parties.

The amount in controversy requirement is also met here. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional minimum, removal is proper. *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289 (10th Cir. 2001). "The amount in controversy ordinarily is determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

In his Civil Cover Sheet from the State Court Action, Plaintiff alleges damages in excess of $100,000 exclusive of interest and costs. Therefore, Defendants have established, by a preponderance of the evidence, that the amount in controversy alleged by Plaintiff, and disputed in its entirety by Defendants, is in excess of the jurisdictional minimum.

## IV.     CONCLUSION

WHEREFORE, Defendants remove this action from the District Court of Boulder County, Colorado to the United States District Court for the District of Colorado, so that this Court may assume jurisdiction over the cause as provided by law.

**DATED** this 21st day of February, 2018

                                         Respectfully Submitted,

                                         By:  /s/ *Lauren E. Rhinehart*_____
                                             Brent D. Anderson, (Atty. Reg. No. 27610)
                                             Lauren E. Rhinehart, (Atty. Reg. No. 44951)
                                             Taylor|Anderson, LLP
                                             1670 Broadway, Suite 900
                                             Denver, CO  80202
                                             Tele: (303) 551-6660
                                             Fax: (303) 551-6655
                                             banderson@talawfirm.com
                                             lrhinehart@talawfirm.com

                                               and

                                             Deanne C. Ayers
                                             AYERS & AYERS
                                             *Admitted to Federal Bar – State of Colorado*
                                             *Also admitted to the Federal and State Bars*
                                             *in the States of Arizona and Texas*
                                             *and the State Bar in the State of New York*
                                             4205 Gateway Drive, Suite 100
                                             Colleyville, Texas   76034
                                             817-267-9009 Telephone
                                             817-318-0663 Facsimile
                                             *dayers@ayersfirm.com*

                                          *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2018, a true and correct copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** was filed and served electronically through CM/ECF upon the following:

John G. Taussig, III
Scott D. Smith
Taussig & Smith, P.C.
5377 Manhattan Circle, Ste. 203
Boulder, CO 80303
jt@taussigsmith.com
scott@taussigsmith.com

By: */s/ Amy Rock*_____
    Amy Rock